UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Crim. No. 16-098 (CKK) |
| : | |
| IVAN LAMONT ROBINSON, : | |
| : | |
| Defendant. : | |

MOTION TO SUPPRESS STATEMENTS TAKEN
IN VIOLATION OF THE UNITED STATES CONSTITUTION

Defendant, Dr. Ivan Robinson, through undersigned counsel, respectfully moves the Court to Suppress all Statements Taken in Violation of the United States Constitution. The motion to suppress is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

BACKGROUND

In 2013 the U.S. Drug Enforcement Administration ("DEA") began investigating Dr. Ivan Robinson's practice with a focus on the treatment of patients who were prescribed controlled substances for pain. The government executed a search and seizure warrant at Dr. Robinson's residence and his medical offices in June 2013. During the course of the search, DEA agents conducted a custodial interview of Dr. Robinson, without adequately apprising Dr. Robinson of his Miranda rights. Indeed, the DEA-6 report of the interview does not reflect that Dr. Robinson was advised of any rights at all. Dr. Robinson allegedly made a number of statements during that interview that the government seeks to use in its case-in-chief at trial.

**ARGUMENT**

I. **ALL STATEMENTS MADE BY DR. ROBINSON DURING THE JUNE 2013 INTERVIEW MUST BE SUPPRESSED BECAUSE THEY WERE INVOLUNTARY AND MADE IN VIOLATION OF MIRANDA.**

   A. **DR. ROBINSON'S STATEMENTS WERE INVOLUNTARY.**

The government alleges that Dr. Robinson made statements at some point during the execution of the search warrant. Before introducing any statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine the defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Dr.

2

Robinson were made involuntarily and thus must be suppressed under the Fifth Amendment.

### B.   DR. ROBINSON'S STATEMENTS WERE OBTAINED IN VIOLATION OF HIS MIRANDA RIGHTS.

Even if the statements were made voluntarily, Miranda requires suppression of Dr. Robinson's statements during the government's case-in-chief because he was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

The government bears the heavy burden of establishing that proper Miranda warnings were given to the defendant and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the defendant. Miranda, 384 U.S. at 475. In the case, the evidence will show clearly that Dr. Robinson was "in custody" when he allegedly made the allegedly incriminating statements. The actions of the DEA agents in eliciting the statements from Dr. Robinson at that time therefore constitute custodial interrogation, and the statements must be suppressed.

**CONCLUSION**

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Dr. Robinson requests that the Court suppress all statements allegedly made by Dr. Robinson on June 19, 2013, along with any other evidence or statements obtained by the officers in violation of the Fourth and Fifth Amendments. Dr. Robinson respectfully requests an evidentiary hearing on this motion.

DATED this 22nd day of March, 2017.

                                          Respectfully submitted,

                                          /s/ Jonathan S. Jeffress

                                          Jonathan S. Jeffress (D.C. Bar #479074)
                                          Adam R. Zurbriggen
                                          KAISER DILLON PLLC
                                          1401 K St NW #600
                                          Washington, DC 20005
                                          Telephone: (202) 640-2850
                                          Facsimile: (202) 280-1034

                                          Phyllis A. Jones (D.C. Bar #983154)
                                          Emily S. Ullman (D.C. Bar #1001677)
                                          COVINGTON & BURLING LLP
                                          One CityCenter,
                                          850 Tenth Street, NW
                                          Washington, DC 20001
                                          Telephone: (202) 662-5868
                                          Facsimile: (202) 778-5868
                                          pajones@cov.com
                                          eullman@cov.com

                                          Attorneys for Defendant
                                          Ivan Lamont Robinson