UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Crim. No. 16-098 (CKK) |
| : | |
| IVAN LAMONT ROBINSON, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS ALL CHARGES IN THE
INDICTMENT BECAUSE 21 U.S.C. § 841 IS UNCONSTITUTIONALLY VAGUE**

Dr. Ivan Robinson hereby respectfully moves for the dismissal of all charges in the indictment against him for unconstitutional vagueness. *See* Fed. R. Crim. P. 12(b)(3)(B). The government presented testimony to a grand jury in March 2016 and May 2016, resulting in the issuance of an indictment against Dr. Robinson for distributing oxycodone in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) and 18 U.S.C. § 2 to ten patients between November 3, 2011, and April 4, 2013. *See* Indict. 1-4, dkt. 2 (June 7, 2016). Section 841 and the accompanying regulations prohibit a physician from prescribing controlled substances, knowingly and intentionally, outside the usual course of professional practice and without a legitimate medical purpose. For the reasons set forth below, the statute as applied to Dr. Robinson − a medical practitioner who practiced consistently with both federal and D.C. law − is impermissibly vague. All 55 counts of the indictment must be dismissed, along with the contingent forfeiture allegations.

**LEGAL STANDARD**

"The void-for-vagueness doctrine . . . generally holds that criminal statutes must be sufficiently specific that they provide 'fair warning' of the conduct that is proscribed." *United States v. Kim*, 808 F. Supp. 2d 44, 50 (D.D.C. 2011) (Kollar-Kotelly, J.). As this Court has held:

"The Fifth Amendment's guarantee of due process 'bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Id.* at 50 (quoting *United States v. Lanier*, 520 U.S. 259, 266 (1977)). The void-for-vagueness doctrine "requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.'" *Smith v. Goguen*, 415 U.S. 566, 572–73 (1974) (citations omitted).

The constitutional validity of an indictment must be raised by motion before trial pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). *See United States v. Brown*, No. CRIM.07 75 CKK, 2007 WL 2007513, at *2 (D.D.C. July 9, 2007) (Kollar-Kotelly, J.).

## ARGUMENT

### I. The Indictment Should Be Dismissed Because As Applied Here, 21 U.S.C. § 841(a) Is Unconstitutionally Vague

The government is required to prove that Dr. Robinson distributed controlled substances, knowingly and intentionally, outside the usual course of professional practice and without a legitimate medical purpose. 21 U.S.C. § 841(a)(1); *United States v. Ignasiak*, 667 F.3d 1217, 1228 (11th Cir. 2012) (explaining that under 21 U.S.C. §841(a)(1) "it [is] incumbent upon the government to prove that [the medical practitioner] dispensed controlled substances for other than legitimate medical purposes in the usual course of professional practice, and that he did so knowingly and intentionally"). In other words, the law holds that a medical professional may be convicted under 21 U.S.C. § 841(a)(1) "not when he is a bad or negligent physician, but when he ceases to be a physician at all." *United States v. Feingold*, 454 F.3d 1001, 1011 (9th Cir. 2006). Courts have interpreted this to mean that the government must prove that the a defendant was using his practice not to act as a medical professional but rather to act as a drug dealer. *See*

*Gonzales v. Oregon*, 546 U.S. 243, 270 (2006) (holding that in order to be found guilty of violating the Controlled Substances Act, a physician must have acted as a "drug dealer as conventionally understood").

The government's own case demonstrates that 21 U.S.C. § 841(a)(1) is unconstitutionally vague, as the terms "legitimate medical purpose" and within the "usual course of professional practice" have failed to provide constitutionally required notice to Dr. Robinson in direct violation of his rights. *See, e.g.*, *Kim*, 808 F. Supp. 2d at 50 ("[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal[.]") (quoting *Lanier*, 520 U.S. at 267).

*First*, the government's charges in the indictment, which identify nothing more than a set of prescriptions on particular dates for particular patients, do not amount to conduct that is reasonably clearly criminal under the statute. For example, the government does not allege that Dr. Robinson charged for medication by the pill or failed to conduct any medical history or physical examination of any patient. Nor does the government allege such blatant criminal conduct as permitting non-medical personnel to write prescriptions or writing medical prescriptions where the person seeking medication admitted no medical problem. Short of the conduct set forth in those examples, there is a range of medical conduct that does not clearly qualify as criminal activity, and it is impermissibly and constitutionally vague to criminally prosecute a medical provider for this lesser activity. Again, where the medical provider is not acting as a drug dealer, the statute's application to that individual is invalid because the statute fails to provide notice to a defendant that his conduct is criminal.

*Second*, instead of clarifying the standards applicable to Dr. Robinson's conduct, the government's expert witness, Dr. Mark Romanoff, confirms through his opinions that the

standard the government is applying to this case is impermissibly vague.  Even accepting Dr. Romanoff's opinions as true, his reports and testimony regarding Dr. Robinson's practice under the statute fail to apply a reasonably clear or even coherent standard.

For example, Dr. Romanoff opines that for some patients, there was "no significant" medical history taken, without explaining what standard he is measuring "significance" under, or how that standard is incorporated into the "legitimate medical purpose" standard.  *See* Dkt. 51-5, Romanoff Report at 5-6 (June 16, 2016).  In addition, Dr. Romanoff opines that for some patients, a physical examination is absent, and therefore there was no valid patient-physician relationship.  *See* Dkt. 51-3, Romanoff Report at 4 (May 21, 2016).  However, for other patients, Dr. Romanoff opines that there was an adequate physical examination documented in the medical records, but that was not sufficient in light of other insufficiencies in the medical records.  *See* Dkt. 51-3, Romanoff Report at 3 (May 21, 2016).  For yet other patients, there was a physical examination, but the nature of the physical exam as reflected in the medical records differed from the physical examination documented elsewhere, which Dr. Romanoff found problematic.  *See* Dkt. 51-4, Romanoff Report at 9 (November 21, 2016).  Again, Dr. Romanoff provides no explanation for the standard applied, further demonstrating that the standard under the statute is impermissibly vague.

Dr. Romanoff also failed to provide testimony before the grand jury that defined the statute's impermissibly vague language.  Indeed, Dr. Romanoff conceded that the decision to prescribe is a "judgment" call based upon particulars of each patient that necessarily depends upon an individual, subjective weighing of the pros and cons in each case.  *See* Dkt. 51-2, Romanoff Grand Jury Testimony at 24 (When asked to define the "legitimate practice of medicine," Dr. Romanoff testified "that means that the provider is evaluating the patient, making

their best judgment as to what's causing the pain."). Dr. Romanoff described the process of treating pain as involving practitioners making "good faith . . . educat[ed] guess[es]." *Id.* at 26 ("[W]ithout a physical exam, you just don't know what's going on with the patient. You cannot in good faith make an educat[ed] guess as to why the patient is having a problem."). Dr. Romanoff did not put forward a rule or standard that would provide notice to a defendant who is exercising his good faith judgment based on his medical education and the individual factors in each patient's case that his conduct is criminal. Lack of such a standard is the epitome of unconstitutional vagueness.

*     *     *

This case involves clinical decisions and the exercise of medical judgment in the field of pain medicine. The government seeks to turn Dr. Robinson's ordinary medical practice as a nurse practitioner − a practice that included the treatment of chronic pain − into a crime despite being unable to define his conduct as criminal in any consistent way. Even the government's expert cannot articulate the standard delineating the legitimate practice of medicine, and the inquiry is so fact-specific that experienced practitioners will necessarily differ in their opinions. In the face of such a vague standard, Dr. Robinson could not have had fair warning that his treatment of patients would potentially violate § 841, rendering the statute unconstitutionally vague as applied in his case.

## CONCLUSION

For these reasons, Dr. Robinson respectfully requests that the Court dismiss all of the charges in the indictment brought against him under 21 U.S.C. § 841, along with the contingent forfeiture allegations.

DATED this 22nd day of March, 2017.

Respectfully submitted,

/s/ Emily S. Ullman

Jonathan S. Jeffress (D.C. Bar #479074)
Adam R. Zurbriggen (D.C. Bar # 1026256)
KAISER DILLON PLLC
1401 K St NW #600
Washington, DC 20005
Telephone: (202) 640-2850
Facsimile: (202) 280-1034


Phyllis A. Jones (D.C. Bar #983154)
Emily S. Ullman (D.C. Bar #1001677)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5868
Facsimile: (202) 778-5868
pajones@cov.com
eullman@cov.com

Attorneys for Defendant
Ivan Lamont Robinson

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John P. Dominguez
Assistant U.S. Attorney
For the District of Columbia
555 4th Street, NW
Washington, DC 20530
(202) 252-7684
john.dominguez@usdoj.gov

Dineen A. Baker
Assistant U.S. Attorney
For the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6954
dineen.baker@usdoj.gov

                                                    /s/ Emily S. Ullman
                                                      Emily S. Ullman

*Counsel for Ivan Lamont Robinson*