UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

# MEMORANDUM OPINION
(May 15, 2017)

In this criminal action, Defendant Ivan L. Robinson has moved under Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss the Superseding Indictment on the grounds of unconstitutional vagueness. The Superseding Indictment charges Defendant with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. It also charges Defendant with two counts of money laundering and aiding and abetting. Defendant, a licensed nurse practitioner in the District of Columbia, claims that section 841 is unfairly vague as applied to him. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Defendant's [58] Motion to Dismiss.[2]

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. to Dismiss all Charges in the Indictment because 21 U.S.C. § 841 is Unconstitutionally Vague ("Def.'s Mot."), ECF No. 58;
- Gov.'s Reply in Opp'n to Mot. to Dismiss Indictment as Unconstitutionally Vague ("Gov.'s Opp'n"), ECF No. 60; and
- Reply Brief in Support of Def.'s Mot. to Dismiss all Charges in the Indictment because 21 U.S.C. § 841 is Unconstitutionally Vague ("Def.'s Reply"), ECF No. 61.

[2] Defendant initially filed his Motion to Dismiss addressing the original Indictment in this case. The Grand Jury then added several counts against Defendant in a Superseding Indictment that

## I. LEGAL STANDARD

Defendant brings his motion to dismiss the Superseding Indictment as unconstitutionally vague under Federal Rule of Criminal Procedure 12(b)(3)(B). Under Rule 12(b)(3)(B), "a defect in the indictment" "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." "[T]he vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. Lanier*, 520 U.S. 259, 266 (1997) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). A criminal statute must "'provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal.'" *Nat'l Ass'n of Mfrs. v. Taylor*, 582 F.3d 1, 23 (D.C. Cir. 2009) (quoting *Buckley v. Valeo*, 424 U.S. 1, 77 (1976)). "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267.

## II. DISCUSSION

Section 841 is not unconstitutionally vague as applied to Defendant. Section 841(a)(1) states that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). It has long been settled that this prohibition applies to registered health care professionals like

---

was filed on April 27, 2017. *See* Superseding Indictment, ECF No. 63. On May 12, 2017, Defendant notified the Court that it should treat his Motion to Dismiss as now being applicable to the Superseding Indictment. ECF No. 79.

Defendant. *See United States v. Moore*, 423 U.S. 122, 124 (1975) ("registered physicians can be prosecuted under s 841 when their activities fall outside the usual course of professional practice."). With respect to such individuals, who are legally allowed to distribute controlled substances under certain circumstances, the prohibition means that "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04. Prescriptions outside these bounds—such as those alleged in the Superseding Indictment—are illegal.

The Court finds that this framework, including the "legitimate medical purpose" and "usual course of his professional practice" standards, is not unconstitutionally vague. The Superseding Indictment charges Defendant with knowingly and intentionally distributing a controlled substance by writing 61 prescriptions for oxycodone outside of the usual course of professional practice and not for a legitimate medical purpose. Superseding Indictment, ECF No. 63 at 1. The above-described framework clearly provides adequate notice to a person of ordinary intelligence in Defendant's position that such conduct is illegal. Contemporary norms of medical practice and what constitutes legitimate medical purposes may be subject to dispute and opposing evidence at trial, but the Court is not convinced that this means that the Superseding Indictment should be dismissed for vagueness at this time.

The Court notes that numerous courts that have considered vagueness challenges like Defendant's have similarly concluded that section 841 is not vague as applied to health care professionals. *See*, *e.g.*, *United States v. Rosenberg*, 515 F.2d 190, 197 (9th Cir.), *cert. denied*, 423 U.S. 1031(1975) (rejecting argument "that the phrase 'in the course of professional practice'

is so vague that it violates the due process clause of the Fifth Amendment."); *United States v. Collier*, 478 F.2d 268, 270 (5th Cir. 1973) (rejecting "contention . . . that § 841(a)(1), as applied to physicians, is unconstitutionally vague"); *United States v. Darji*, 609 F. App'x 320, 334 (6th Cir. 2015) ("this Court has rejected the claim that § 841 and § 1306.04(a) are void for vagueness"); *United States v. Orta-Rosario*, 469 F. App'x 140, 143 (4th Cir.), *cert. denied*, 133 S. Ct. 311 (2012); (rejecting argument of medical doctor that the CSA is impermissibly vague as applied to him because "there is no statutory definition of 'legitimate medical purpose' or 'usual professional practice.'"); *United States v. Brickhouse*, No. 3:14-CR-124, 2016 WL 2654359, at *4 (E.D. Tenn. Mar. 30, 2016) ("The Court disagrees that § 841(a)(1) and the regulation at § 1306.04 leave medical practitioners rudderless and adrift in the murky waters of criminal liability."); *United States v. Quinones*, 536 F. Supp. 2d 267, 274 (E.D.N.Y. 2008) (rejecting vagueness argument because the phrase "within the usual scope of professional practice" has an "objective meaning that prevents arbitrary prosecution and conviction: Neither the government nor the jury is free to impose its own subjective views about what is and is not appropriate; rather, the government is obliged to prove, and the jury constrained to determine, what the medical profession would generally do in the circumstances."); *United States v. Birbragher*, 576 F. Supp. 2d 1000, 1013 (N.D. Iowa 2008), *aff'd,* 603 F.3d 478 (8th Cir. 2010) ("courts have held the language 'legitimate medical purpose' and 'usual course of his professional practice' is not unconstitutionally vague as applied to physicians"); *United States v. Prejean*, 429 F. Supp. 2d 782, 805 (E.D. La. 2006) (rejecting argument that this framework is vague because "the medical community has not established clear, nationwide standards for what is considered 'legitimate medical purpose' in the field of pain management."). Although Defendant is correct to note that

the case law cited by the government is not from within this Circuit, and is accordingly not binding on the Court, the Court nevertheless finds these opinions highly persuasive.

Defendant's arguments in support of his motion generally miss the mark. First, to the extent that Defendant suggests that the Supreme Court in *Gonzales v. Oregon*, 546 U.S. 243 (2006) limited the scope of liability for physicians under section 841 to "drug dealer" activity such as "charg[ing] for medication by the pill" or "writing medical prescriptions where the person seeking medication admitted no medical problem," Def.'s Mot. at 3, Defendant reads too much into the *Gonzales* opinion. That opinion analyzed an interpretive rule issued by the United States Attorney General regarding the application of the Controlled Substances Act ("CSA") with respect to physician-assisted suicide, and in doing so noted that the CSA "prohibit[s] a doctor from acting as a drug 'pusher' instead of a physician" and that "[t]he statute and our case law amply support the conclusion that Congress regulates medical practice insofar as it bars doctors from using their prescription-writing powers as a means to engage in illicit drug dealing and trafficking as conventionally understood." *Gonzales*, 546 U.S. at 269-70. Read in context, however, these statements do not contradict the 'usual course of professional practice' standard under which health care professionals have long been prosecuted. To the contrary, these statements are referring to *United States v. Moore*, the very case establishing that "registered physicians can be prosecuted under s 841 when their activities *fall outside the usual course of professional practice*." *Moore*, 423 U.S. at 124 (emphasis added). Accordingly, as a number of courts have held, these statements in *Gonzales* were not intended to add new requirements to criminal prosecutions under section 841, nor to "signal[ ] a major shift in what constitutes a violation of the CSA." *United States v. Kanner*, 603 F.3d 530, 533-35 (8th Cir.

5

2010) (rejecting argument that "the Supreme Court adopted a new standard for CSA violations in *Gonzales* such that the CSA only criminalizes 'illicit drug dealing and trafficking as conventionally understood,'" and holding that post-*Gonzales*, indictment charging that "physicians and pharmacists . . . acted in a manner inconsistent with the usual course of professional practice" stated a violation of the CSA); *see also United States v. Volkman*, 797 F.3d 377, 386 (6th Cir.), *cert. denied*, 136 S. Ct. 348 (2015) ("*Gonzales* did nothing to alter the reality that 'knowingly distributing prescriptions outside the course of professional practice is a sufficient condition to convict a defendant under the criminal statutes relating to controlled substances.'") (quoting *Kanner,* 603 F.3d at 535). Defendant has provided the Court with no case that holds otherwise, and indeed the Court notes that many of the opinions which have rejected Defendant's vagueness argument postdate and address *Gonzales*, but either expressly or impliedly do not share Defendant's interpretation of that case. *See, e.g.*, *Prejean*, 429 F. Supp. 2d at 803 ("A close reading of *Gonzales* reveals no explicit changes to the CSA's section 841 standard."). Accordingly, Defendant's arguments about the absence of allegations in the Superseding Indictment regarding "drug dealing" that would "clearly" suffice as criminal are not persuasive.

Second, Defendant attempts to buttress his vagueness argument by attacking the testimony of the government's proposed expert witness, Dr. Mark Romanoff. The government has proffered Dr. Romanoff as an expert witness to testify as to whether Defendant's conduct fell inside or outside of the legitimate scope of medical practice. Defendant has challenged that testimony in his pending [33] Motion to Exclude, arguing, among other things, that Dr. Romanoff may not testify as to legal standards and that his methodology lacks reliability or

support. Separately, in this Motion to Dismiss, Defendant complains that Dr. Romanoff "fail[ed] to apply a reasonably clear or even coherent standard," "provide[d] no explanation for the standard applied," and failed to "define[ ] the statute's impermissibly vague language." Def.'s Mot. at 4. In his Reply Defendant also argues that Dr. Romanoff seeks to improperly provide a legal opinion. Def.'s Reply at 3. These arguments are misplaced in Defendant's Motion to Dismiss for unconstitutional vagueness. "[T]he touchstone" of the vagueness inquiry "is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267. The government's proposed expert testimony is simply irrelevant to this question, and accordingly the Court has reached its determination that application of section 841 to the conduct Defendant is charged with in this case is not unconstitutionally vague without reference to that testimony. Defendant's arguments about Dr. Romanoff will properly be resolved in the context of his Motion to Exclude.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that 21 U.S.C. § 841 is not unconstitutionally vague as applied to Defendant. The Court will accordingly DENY Defendant's Motion to Dismiss. An appropriate Order accompanies this Memorandum Opinion.

/s
**COLLEEN KOLLAR-KOTELLY**
United States District Judge