# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

## MEMORANDUM OPINION AND ORDER
(June 15, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [67] Motion *in Limine* No. 2 to Exclude Putative Expert Testimony by Government Witnesses, Defendant moves the Court under Federal Rules of Evidence 701 and 702 to exclude expected opinion testimony from government agents and officers derived from their experience and training, as well as any purported expert testimony from Defendant's patients. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS-IN-PART Defendant's motion, as explained further below.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 2 to Exclude Putative Expert Testimony by Government Witnesses, ECF No. 67 ("Def.'s Mot."); Government's Consolidated Reply in Opposition to Defendant's Motions *in Limine* No. 2 and No. 8, ECF No. 91 ("Gov.'s Opp'n"); and Reply in Support of Defendant's Motions *in Limine* Nos. 2 and 8, ECF No. 102 ("Def.'s Reply").

# I. DISCUSSION

As an initial matter, Defendant argues at some length that the government may not now designate any government agents as expert witnesses, as the deadline to do so has passed and late designations would prejudice Defendant. Def.'s Mot. at 2-5. The Court agrees that the time to designate experts in this case has long since passed, but this argument is moot because the government has clarified that it has no intention to call any expert witnesses who have not been previously noticed. Gov.'s Opp'n at 1.

The government does indicate, however, that it intends to call fact witnesses, including law enforcement agents, to testify "as to their observations and perceptions" and to "provide an opinion based on their personal knowledge of the issue at hand." Gov.'s Opp'n at 1. The government argues that "[e]ven if such testimony requires some specialized knowledge, it is admissible so long as the lay witness offers straightforward conclusions from observations informed by his or experience." *Id.* at 1-2. With respect to law enforcement officers specifically, the government argues that they are entitled to present lay opinion testimony "informed by [their] training and experience" so long as it is based on their perceptions. *Id.* at 3.

Defendant speculates in his motion as to some specifics about what the government witnesses will testify to at trial, but the government has represented that this speculation is incorrect. As such, without knowing the precise content of the government witnesses' testimony, the Court cannot at this stage make any definitive decisions to preemptively admit or exclude particular statements. That being said, the Court will set forth the following guidelines for the introduction of the government's lay witnesses. In addition to ensuring that it is familiar with the following, government counsel shall instruct their witnesses prior to trial as to the

guidelines set forth below, so as to ensure that they do not inadvertently elicit any inadmissible testimony. If there are any practical issues with complying with this Memorandum Opinion and Order, the parties should bring those to the Court's attention at the June 26, 2017 Status Hearing.

"Federal Evidence Rule 701 permits lay testimony in the form of an opinion when it meets the following criteria: it must be rationally based on the witness's perception and helpful to the jury in understanding the witness's testimony or the determination of a 'fact in issue,' and may not be based on the kind of specialized knowledge possessed by experts within the scope of Rule 702." *United States v. Hampton*, 718 F.3d 978, 981 (D.C. Cir. 2013). "Rule 702 governs testimony from expert witnesses—those who testify based on scientific, technical, or specialized knowledge in a field of expertise." *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir. 2011). "When there has been a proper objection, the district court of course must determine whether the lay witness's opinion testimony satisfies Rule 701's requirements." *Hampton*, 718 F.3d. at 981. "Jurors too must independently assess the basis of the opinion and scrutinize the witness's reasoning." *Id.* To make both the Court and the jury's tasks possible, a lay witness must identify the objective bases for his or her opinion. If he or she did not, the Court would not be able to assess whether that opinion was rationally based on his or her perceptions, and his opinion would also "'not help the jury but only tell[ ] it in conclusory fashion what it should find.'" *Id.* (quoting *United States v. Rea,* 958 F.2d 1206, 1216 (2d Cir. 1992)).

Law enforcement agents may present lay opinions, but "[j]udicial scrutiny of a law-enforcement witness's purported basis for lay opinion is especially important because of the risk that the jury will defer to the officer's superior knowledge of the case and past experiences with similar crimes." *Id.* at 981-82. The Court of Appeals for the District of Columbia Circuit

3

("D.C. Circuit") has issued a number of opinions in the past years carefully delineating what a law enforcement agent may and may not opine on as a lay witness. Crucially, "[l]ay opinion is proper when it is based upon personal knowledge of events that occurred in the case being tried," but not when it is based on knowledge from other law enforcement experience generally. *United States v. Williams*, 827 F.3d 1134, 1156 (D.C. Cir. 2016), *cert. denied sub nom. Edwards v. United States*, 137 S. Ct. 706 (2017); *see also United States v. Miller*, 738 F.3d 361, 372 (D.C. Cir. 2013) ("FBI Agent Sparks' testimony about criminal enterprises and investigative techniques appeared to be premised on his specialized knowledge as a criminal investigator, rather than his particularized knowledge of how the Miller/Eiland drug operation was investigated. As such, its admission was plainly erroneous."); *Smith*, 640 F.3d at 365 (quoting *United States v. Wilson*, 605 F.3d 985, 1026 (D.C. Cir. 2010)) ("An individual testifying about the operations of a drug conspiracy because of knowledge of that drug conspiracy . . . should be admitted as a lay witness; an individual testifying about the operations of a drug conspiracy based on previous experiences with other drug conspiracies . . . should be admitted as an expert."); *United States v. Guerrero*, 665 F.3d 1305, 1309-10 (D.C. Cir. 2011) ("a witness may testify as to the typical characteristics of drug trafficking operations only if first qualified as an expert pursuant to Fed. R. Evid. 702."). The D.C. Circuit has "drawn [this] line because knowledge derived from previous professional experience falls squarely 'within the scope of Rule 702' and thus by definition outside of Rule 701." *Smith*, 640 F.3d at 365.

Accordingly, the Court holds that law enforcement agents testifying as lay witnesses in this case may present opinion testimony only to the extent that it is based on his or her knowledge, observations or experiences relating to the particular investigation of the Defendant.

4

Because these witnesses are not expert witnesses, they may not present opinion testimony that is based on their previous law enforcement experiences with other investigations or cases. Although the Court acknowledges that the government has represented that Defendant incorrectly speculates about the nature of the lay testimony it intends to offer, the Court notes that the testimony Defendant has speculated the government may elicit would run afoul of this prohibition to the extent it is in fact based on the law enforcement witness' "prior undercover experience," their "professional experience" unrelated to this case, or their general knowledge as law enforcement agents of the "typical behavior of drug addicts." Def.'s Mot. at 1.

Moreover, the Court holds in advance that the basis of these witnesses' opinions must be made known to the jury in such a way that the jury can assess the opinion and test the witness' reasoning. The D.C. Circuit has made clear that a law enforcement agent testifying as a lay witness must "identify for the jury the specific observations and inferences on which he grounds each lay opinion." *Williams*, 827 F.3d at 1160. Additionally, the witnesses may not simply state that their opinions are based generally on their overall knowledge of the investigation into Defendant, or on aspects of that investigation not made known to the jury. *Id.* at 1158; *Hampton*, 718 F.3d at 983 (holding that law enforcement witness did not provide sufficient basis for lay opinion testimony because he stated it was based on recorded calls not all of which were admitted into evidence); *Miller*, 738 F.3d at 373 (holding that admission of lay opinion from law enforcement agents "was erroneously admitted because they did not set forth the specific bases (events, other calls, seizures of contraband, etc.) upon which their opinions rested—other than broad claims about knowledge they had gained from the investigation."). The jury must be

informed of the precise basis of their opinion and that basis must be available for the jury itself to consider.

Finally, Defendant has also moved in his first motion *in limine* to preclude government witnesses who were Defendant's patients from presenting lay opinion testimony as to topics such as "the functioning of a pain management practice, prescribing practices, or the legitimate practice of medicine," and "what constitutes standard medical practice, or whether a medical practitioner provided an appropriate diagnosis and course of treatment." Def.'s Mot. at 7. Defendant contends that these opinions are based on the kind of specialized knowledge possessed by experts within the scope of Rule 702. *Id.* at 7-8. In its opposition, the government appears to disavow any intent to elicit such testimony, representing that these lay witnesses will only opine "based on their interactions with the defendant, with employees of the clinic, and with other clients at the clinic" and that all such testimony will "be based on the witness's perceptions." Gov.'s Opp'n. at 3. Nonetheless, the Court herein holds that the type of testimony described in Defendant's motion, to the extent the government sought to elicit it, would not be admissible Rule 701. As stated above, with respect to any lay witness, a lay opinion may only be given if it is "not be based on the kind of specialized knowledge possessed by experts within the scope of Rule 702." *Hampton*, 718 F.3d at 981. The testimony described by Defendant would appear to the Court to be the type of testimony that would be based on specialized knowledge possessed by experts. Indeed, the government intends to present an expert to give such opinions in this case. It would not be the proper subject of a lay opinion.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS-IN-PART Defendant's [67] Motion *in Limine* No. 2 to Exclude Putative Expert Testimony by Government Witnesses. Accordingly, it is, this 15th day of June, 2017, hereby

**ORDERED** that to the extent the government elicits opinion testimony from lay witnesses in this case, it shall do so in accordance with this Memorandum Opinion and Order, and shall instruct said witnesses prior to trial as to the guidelines set forth above, so as to ensure that it does not inadvertently elicit any inadmissible testimony.

**SO ORDERED.**

                                                 /s/
                                    **COLLEEN KOLLAR-KOTELLY**
                                    United States District Judge