# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

# MEMORANDUM OPINION AND ORDER
(June 26, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [70] Motion *in Limine* No. 5 to Preclude the Government from Offering Evidence Relating Solely to Uncharged Conduct or Alleged Illegal Drug Use, Defendant moves the Court under Federal Rules of Evidence 401, 402, 403 and 404 to preclude the government from offering evidence of alleged uncharged crimes, including allegations of health care fraud, welfare fraud, child abuse, or drug use by Defendant. Def.'s Mot. at 1. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT Defendant's fifth motion *in limine*.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 5 to Preclude the Government from Offering Evidence Relating Solely to Uncharged Conduct or Alleged Illegal Drug Use, ECF No. 70 ("Def.'s Mot."); Government's Consolidated

# I. DISCUSSION

A considerable amount of the Defendant's fifth motion *in limine* is not contested. The government represents that it will not present evidence of Defendant allegedly committing health care fraud or child abuse in its case in chief. Gov.'s Opp'n at 2-4. The government reserves the right to potentially present evidence on these matters if Defendant were himself to raise them, but states that it will request a court ruling before asking questions on these topics or introducing such evidence. The government is hereby ordered to do so.

The government does represent that it intends to offer evidence that Defendant has used crack cocaine, but only in the form of a statement Defendant made to that effect. The government states that it "intends to introduce the statement because the defendant made it." Gov.'s Opp'n at 4. The government appears to suggest that it is entitled to introduce this and other statements solely because they are statements made by the Defendant, and are "bizarre," "unbelievable," or "peculiar," without further elaboration as to how those characterizations are relevant. *Id.*

The Court disagrees and will preclude evidence of this statement. Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The government has not articulated any purpose or relevance as to this drug use evidence, and the

---

Reply in Opposition to Defense Motions *in Limine* Nos. 5, 6 and 7, ECF No. 86 ("Gov.'s Opp'n"); and Defendant's Reply in Support of Motions *in Limine* Nos. 5, 6, 7, 9 and 11, ECF No. 104 ("Def.'s Reply").

Court can discern none, other than to support the prohibited inference that Defendant is more likely to have committed the charged offenses simply because he has a character for breaking drug laws generally. As such, it is subject to exclusion under Rule 404. The Court also, exercising its discretion, finds that this evidence should be excluded under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that whatever tenuous probative value this statement may have, if any, would be substantially outweighed by a danger that the jury might use this evidence in the manner prohibited by Rule 404, might seek to punish Defendant for uncharged crimes, or may be confused and conclude that evidence of Defendant's own drug use is relevant to his guilt or innocence in this otherwise drug related case. The Court notes that its ruling to preclude this statement pertains to the government's case in chief, and if Defendant himself were to open the door in some fashion, the statement may become admissible. If the government contends that this has occurred, it must request permission from the Court before offering this evidence.

Finally, with respect to alleged welfare fraud, the government states that it "will refrain from characterizing" Defendant's actions as "welfare fraud," but does "intend to introduce evidence that the defendant was on welfare through DC Government and received Food Stamps and Medicaid (free health care) at the time he was receiving income of $267,102.44 in January through June, 2013, and $66,229 in calendar year 2012." Gov.'s Opp'n at 3. The Court finds that even without referring to this as "fraud," Defendant's receipt of this government assistance should be excluded because it is irrelevant and prejudicial. The government's response to

3

Defendant's motion on this point is not a model of clarity, but appears to generally contend that because the government has charged Defendant with money laundering, any evidence regarding Defendant's "financial activity" is admissible. The Court disagrees. The government is required to prove that the money used in the charged transactions derived from illegal activity. Accordingly, the government needs to show the source of funds derived from the illegal sale of prescriptions. But the Court can discern no reason, and the government has not meaningfully articulated one, why the government would need to explicitly name the other sources of Defendant's funds that did not derive from alleged illegal drug distribution. To the extent any "tracing" of funds is required, the Court understands that this would apply to the money acquired through the illegal drug distribution, not to money derived from other sources. Regardless, the government could characterize the funds that are not related to Defendant's oxycodone prescriptions as "funds from other sources" without specifying their source. If the parties disagree with the Court's understanding, they should inform the Court at the June 26, 2017 Status Hearing.

Additionally, to the extent this evidence had any probative value, the Court finds that it should be excluded under Rule 403. There is a significant risk that the jury would come to the fairly obvious conclusion that Defendant committed welfare fraud on its own, and misuse this information to punish Defendant for this unrelated crime.

Again, this ruling pertains to the government's case in chief. If Defendant opens the door in some way regarding this evidence, it may become admissible. If the government contends that this has occurred, it must come to the Court in advance of presenting this evidence

and request permission. The government shall inform its witnesses of these rulings to ensure that no inadmissible testimony is inadvertently elicited.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendant's [70] Motion *in Limine* No. 5. Accordingly, it is, this 26th day of June, 2017, hereby

**ORDERED** that the government shall not offer evidence of alleged uncharged crimes, including allegations of health care fraud, welfare fraud, child abuse, or drug use by Defendant in its case in chief.

**SO ORDERED.**

/s
**COLLEEN KOLLAR-KOTELLY**
United States District Judge