# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

## MEMORANDUM OPINION AND ORDER
(June 26, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [71] Motion *in Limine* No. 6 to Exclude All Evidence and Argument Related to Defendant's Income, Defendant moves the Court under Federal Rules of Civil Procedure 401 and 403 to preclude the government from offering evidence of, or making any reference to, the income or degree of financial success of the Defendant or his medical practice. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole,

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 6 to Exclude All Evidence and Argument Related to Defendant's Income, ECF No. 71 ("Def.'s Mot."); Government's Consolidated Reply in Opposition to Defense Motions *in Limine* Nos. 5, 6 and 7, ECF No. 86 ("Gov.'s Opp'n"); and Defendant's Reply in Support of Motions *in Limine* Nos. 5, 6, 7, 9 and 11, ECF No. 104 ("Def.'s Reply").

the Court will GRANT-IN-PART and DENY-IN-PART Defendant's sixth motion *in limine*, as set forth in more detail below.

## I. DISCUSSION

Without knowing the precise income evidence the government intends to offer at trial, or the context in which that evidence will be offered, the Court is unable to make specific preliminary rulings as to the admissibility of all income-related evidence at this time. Instead, the Court will use this Memorandum Opinion and Order to explain the framework it will apply regarding the admissibility of income evidence at trial.

First, the Court agrees with the Defendant that the government should not offer income evidence that goes only to Defendant's gross income, "total salary," "financial success" or overall wealth. This broad, general type of income evidence is irrelevant. Unlike some other criminal cases, this is not a case where evidence that Defendant suddenly received large amounts of unexplained income is probative of Defendant's guilt. *See, e.g.*, *United States v. Tavarez*, No. 13 CR. 947 JGK, 2015 WL 1137550, at *8 (S.D.N.Y. Mar. 12, 2015) (holding that "evidence of large amounts of unexplained wealth is relevant to create an inference of illicit gain.") (internal quotation and citation omitted). The income in this case is not "unexplained." No party disputes that the source of the income is Defendant's practice. Instead, the question in this case is simply the propriety of the oxycodone prescriptions Defendant issued to his patients. Defendant's gross income or wealth do not appear to have any bearing on that issue. *See U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 897 (D.C. Cir. 2010) (remanding for new trial because evidence of defendant-companies' wealth was admitted despite the fact that "information about the companies' wealth was both irrelevant and prejudicial"). Such evidence

is also subject to exclusion under Rule 403 because it risks unfairly prejudicing the Defendant. To the extent income evidence merely shows Defendant's gross income or financial success, its probative value would be substantially outweighed by the danger that the jury might mistakenly conclude that Defendant's wealth itself somehow shows that Defendant deserves to be punished or was engaged in wrongdoing of some sort. *See Sec. & Exch. Comm'n v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 WL 3654273, at *12 (D.N.M. June 13, 2016) ("the default rule is not to admit evidence of wealth, because it is usually irrelevant under rule 401 and unfairly prejudicial under rule 403."); *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 950 (N.D. Cal. 2016) (holding that "a presentation of wealth" that was "unnecessary" was inadmissible under Rule 403). In sum, to the extent income evidence is offered solely to prove Defendant's overall income or wealth, it will not be permitted at trial.

However, the government has suggested two types of limited income evidence it intends to offer at trial, and the Court preliminarily concludes that they are relevant and do not implicate the Rule 403 concerns discussed above. First, the government represents that it needs to use some income evidence to prove Defendant's guilt of the money laundering charges. The Court agrees. In counts 62 and 63 of the Superseding Indictment, the government charges Defendant with knowingly engaging in two monetary transactions with property derived from selling or dealing in controlled substances. Both transactions—one in the amount of $40,769.87 and the other in the amount of $108,000—relate to money being used or withdrawn from a particular Bank of America bank account. It is the government's burden to show that the money used in those transactions derived from an unlawful activity—*i.e.*, that it was unlawful income. 18 U.S.C. § 1957(a). In this case, the Court understands that the government intends to offer

evidence that shows that Defendant derived income from illegally selling prescriptions, placed that income into the Bank of America account, and then withdrew money from that account for the purposes of the charged transactions. Accordingly, evidence of Defendant's income is certainly relevant to the extent it shows that Defendant received funds from the illegal sale of prescriptions during the relevant time frame and used those funds in the charged money laundering transactions. In addition, the Court cannot say at this time that income evidence of this nature implicates the sort of Rule 403 concerns engendered by the broad, overall income or wealth evidence described above. It will not be preliminarily excluded.

The Court also notes in this context that the government is not limited to showing $20,000 of income, despite the fact that this is the statutory minimum for the two charges under 18 U.S.C. § 1957(a). The government has charged Defendant with particular transactions of specific values, and is entitled to prove those allegations. As such, evidence beyond the $20,000 threshold is not Rule 404(b) evidence, as Defendant argues in his Reply. *See* Reply at 6-7.

Second, the government appears to intend to use certain financial records related to Defendant's income to help prove the drug distribution charges in the Superseding Indictment. Specifically, the government represents that it will use records to demonstrate that the volume of patients Defendant saw during the relevant time period was large, and that Defendant demanded payment in a certain uniform, potentially suspicious, form. These facts could suggest that Defendant did not have sufficient time to adequately evaluate and diagnose the particular patients that will be at issue at trial, and was instead engaged in quick drug purchasing transactions. Accordingly, this type of income evidence could be relevant and probative to the drug distribution charges, in that it could tend to corroborate the opinion of the government's

4

expert witness, Dr. Mark Romanoff, that the prescriptions issued to particular patients were made outside the course of professional practice. The Court will not say preliminarily that this sort of income evidence should be excluded under Rule 403. However, the Court will hold that if the government offers such evidence, it should be used only to support the conclusion that particular patients were issued prescriptions illegally, and not in an attempt to prove that Defendant acted illegally with all of the patients in his entire practice. As such, allowing this evidence is consistent with the Court's ruling its June 15, 2017 Memorandum Opinion and Order, ECF No. 119, that the government shall not present evidence of illegal prescriptions with regard to Defendant's entire, overall practice.

Finally, the Court notes that the conclusions the Court has reached above pertain only to the government's case in chief. The Court is assuming that Defendant does not intend to raise his gross income, wealth or lack thereof as a defense. If the Defendant were to open the door in some way that would make this type of broad income evidence relevant, it may become admissible. If the government contends that this has occurred, it must come to the Court in advance of presenting this evidence and request permission.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's [71] Motion *in Limine* No. 6. Accordingly, it is, this 26th day of June, 2017, hereby

**ORDERED** that to the extent the government intends to offer any evidence related to Defendant's income, it shall do so in accordance with this Memorandum Opinion and Order, and

shall instruct any witnesses who would be presenting this evidence as to the guidelines set forth above, so as to ensure that it does not inadvertently elicit any inadmissible testimony.

**SO ORDERED.**

/s
**COLLEEN KOLLAR-KOTELLY**
United States District Judge