**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                  |                                   |
|----------------------------------|-----------------------------------|
| UNITED STATES OF AMERICA<br>v.<br>IVAN L. ROBINSON,<br>    Defendant | Criminal Action No. 16-98 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(June 26, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [75] Motion *in Limine* No. 10 to Exclude Speculative Testimony, Defendant moves the Court under Federal Rules of Evidence 602 and 701 to exclude any testimony by Drug Enforcement Agency ("DEA") agents about the motivation behind a November 2011 phone call Defendant made to the DEA reporting potential unlawful activity. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's tenth motion *in limine*.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 10 to Exclude Speculative Testimony Pursuant to Federal Rules of Evidence 602 and 701, ECF No. 75 ("Def.'s Mot."); Government's Reply to Defendant's Motion *in Limine* No. 10, ECF No. 92 ("Gov's Reply"); Reply in Support of Defendant's Motion *in Limine* No. 10, ECF No. 105 ("Def.'s Reply").

# I. DISCUSSION

Defendant's tenth motion *in limine* asks the Court to exclude speculative testimony by DEA agents about Defendant's motivation for calling the DEA in 2011 and reporting potential unlawful activity. Defendant represents that the government submitted search warrant applications in this case that stated that on January 11, 2011, the DEA Washington Division Tactical Diversion Squad ("TDS") Group 48 received a complaint from Defendant in which he claimed that someone used his name fraudulently to obtain narcotics. The application also stated that the complaint may have been made only to make it appear to law enforcement that Defendant was a conscientious health care provider who was genuinely concerned regarding prescription fraud.

Defendant does not argue that evidence of the complaint itself must be excluded. In fact, it appears that Defendant himself may seek to introduce such evidence. However, Defendant does contend that testimony from DEA agents about Defendant's *motivation* for lodging the complaint should be excluded under Rules 602 and 701 because it would be speculative, as these witnesses could not have personal knowledge of Defendant's motivation. Defendant also contends that testimony regarding such motivation would not be helpful to the jury. In reply, Defendant adds that this testimony would in fact be argument, not evidence, and that it would invade the province of the jury.

In response, the government represents that it will not seek to introduce evidence of the complaint lodged by the Defendant with the DEA in its case in chief. The government does, however, state that it has a right to cross examine or address this issue in rebuttal if the Defendant opens the door by introducing evidence of the complaint.

The Court agrees that testimony from DEA agents regarding Defendant's motivation for lodging this complaint should not be elicited in the government's case in chief because it would be improper speculation. The government has not explained how such testimony could be based on a DEA agent's personal knowledge or perception. As Defendant concedes, if there is evidence of Defendant's call, the government is free to *argue* about his motivation for placing it, but the government shall not present testimony from DEA agents or documentary evidence in its case in chief that speculates about that motivation.

However, the Court notes that its ruling pertains only to the government's case in chief. If the government contends that evidence of Defendant's motivation has somehow become admissible because Defendant has opened the door, the government must first seek permission from the Court to introduce this evidence. To the extent the government would seek to introduce this evidence as lay opinion testimony under Rule 701, the Court is in no position to rule on that issue at this preliminary stage. The government must come to the Court prior to presenting such lay opinion testimony and the Court will determine its admissibility at that time. The government shall instruct its witnesses about the Court's holdings in this Memorandum Opinion and Order so as to ensure it does not inadvertently elicit inadmissible testimony.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendant's [75] Motion *in Limine* No. 10. Accordingly, it is, this 26th day of June, 2017, hereby

**ORDERED** that the government shall not elicit testimony from DEA agents about Defendant's motivation for placing the November 2011 phone call reporting potential unlawful activity in its case in chief.

**SO ORDERED.**

/s
**COLLEEN KOLLAR-KOTELLY**
United States District Judge