# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

## MEMORANDUM OPINION AND ORDER
(June 28, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [72] Motion *in Limine* No. 7 to Exclude All Testimony About the Alleged Reputation of Ivan Robinson and His Practice, Defendant moves the Court under Federal Rules of Evidence 401, 403, 404, 801 and 802 to exclude evidence concerning the alleged reputation of Defendant and his practice as a place where prescriptions for opioids could be easily obtained. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT-IN-PART and DENY-IN-PART Defendant's seventh motion *in limine*.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 7 to Exclude All Testimony About the Alleged Reputation of Ivan Robinson and His Practice, ECF No. 71 ("Def.'s Mot."); Government's Consolidated Reply in Opposition to Defendant's Motions *in Limine* Nos. 5, 6, and 7, ECF No. 86 ("Gov.'s Opp'n"); Reply in Support of Defendant's Motions *in Limine* Nos. 5, 6, 7, 9 and 11, ECF No. 104 ("Def.'s Reply").

# I. DISCUSSION

Defendant moves to preclude the government from eliciting testimony about the alleged reputation of Defendant's practice as "a place where prescriptions for opioids could be easily obtained." Def.'s Mot. at 1. Defendant argues that this testimony would be hearsay and also should be excluded under Rules 401, 403 or 404. In response, the government has clarified that it will not elicit testimony from Defendant's patients as to their "opinion" about Defendant's practice, but does intend to elicit testimony from these witnesses about their own personal *motivations* for going to that practice. Specifically, the government represents that patient-witnesses will be asked why they chose to go to the Defendant, as opposed to other health care professionals, and these witnesses are expected to respond that they did so because they knew Defendant would easily give them opioid prescriptions. Gov.'s Opp'n at 7-8.

The Court begins with Defendant's hearsay objection. Assuming that the patients' understanding about Defendant's practice was based on statements made to them by non-testifying declarants (and not the Defendant himself), and that their testimony is offered for the truth of the matter asserted—*i.e.*, that Defendant in fact easily gave opioid prescriptions—the Court agrees that the government's proffered testimony would be inadmissible hearsay. Fed. R. Evid. 801(c). However, the government represents in its opposition that it does *not* intend to elicit this testimony for the truth of the matter asserted, but instead merely to demonstrate the motivation of Defendant's patients—*i.e.*, that a particular patient-witness decided to go to the Defendant not to seek out genuine medical treatment but instead merely because he or she wanted drugs and believed Defendant would give them those drugs easily. This motivation purpose is distinct from the truth of the matter asserted in the witnesses' proposed statements:

2

the witnesses' understanding about Defendant's practice could have actually been false, and yet this could have still been their motivation. Accordingly, to the extent offered for the purpose described in the government's opposition, this testimony would survive the rule against hearsay. It is also not character evidence barred by Rule 404, because the testimony is being used to establish the patients' motive, not to prove Defendant's character in order to show that he acted in accordance with that character.

Nonetheless, despite the fact that the government has established a non-hearsay or character-evidence purpose for this testimony, it is still potentially subject to exclusion under Rules 401 and 403. The government has not articulated any reason why a patient's motivation, to the extent it was not known to the Defendant, is relevant to any issue in this case. Moreover, even if marginally relevant, the Court concludes that the hidden motivations of Defendant's patients would be subject to exclusion under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, exercising its discretion, the Court concludes that this evidence should be excluded because its probative value would be substantially outweighed by the considerable risk that the jury would misuse this testimony for the truth of the matter asserted in the witnesses' statements—effectively that Defendant was operating a "pill mill"—and find the Defendant guilty on the basis of out-of-court statements by individuals Defendant is unable to cross examine.

However, this ruling under Rules 401 and 403 has two important caveats. First, to the extent Defendant knew of the patients' motivation before he issued them a prescription, the

3

Court finds that testimony about that motivation would be significantly relevant and probative. If Defendant knew that a patient had decided to visit his practice merely because he wanted an easy prescription and thought Defendant would give him one, and Defendant nonetheless went forward and issued the patient a prescription, the Court finds that testimony about that patient's motivation would be quite probative of whether Defendant was issuing prescriptions outside the usual course of professional practice.

Second, the Court notes that its ruling pertains only to the government's case in chief. If the Defendant were himself to open the door in some way that would make the non-hearsay purpose for the proffered patient testimony relevant—such as presenting evidence or argument that Defendant's patients chose to visit his practice for other reasons—the testimony may become admissible. Under these circumstances, the probative value of testimony that the patients in fact had other motivations would become significantly probative. *See United States v. Johnson*, 730 F.2d 683, 691 (11th Cir. 1984) (holding that trial court properly ruled that "once defense counsel 'opened the door' on cross-examination," evidence's "probative value was enhanced such that it outweighed its prejudicial effect."). If the government contends that this has occurred, it must come to the Court in advance of presenting this evidence and request permission.

Finally, the Court notes that in its opposition, the government describes certain testimony it seeks to elicit that is not hearsay and that is not otherwise subject to exclusion. First, the government represents that witnesses will testify about certain things Defendant told them—*e.g.*, that they should procure a money order before coming to his practice, and that he would not accept insurance. Gov.'s Opp'n at 8. Such statements of the Defendant are relevant, not

4

subject to exclusion under Rule 403, and not hearsay. Second, the government represents that witnesses will testify as to where they lived and, accordingly, how far they travelled to see the Defendant. The Court cannot say at this preliminary stage that this information has no relevance at all to any issue in this case, and asking a witness where he or she came from to visit the Defendant presents absolutely no risk of unfair prejudice. The Court will not exclude such testimony.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's [72] Motion *in Limine* No. 7 to Exclude All Testimony About the Alleged Reputation of Ivan Robinson and His Practice. Accordingly, it is, this 28th day of June, 2017, hereby

**ORDERED** that to the extent the government seeks to elicit testimony about Defendant's patients' motivation for visiting Defendant's practice, it must do so in accordance with this Memorandum Opinion and Order. The Court's rulings are based only on the present record.

**SO ORDERED.**

                                               /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge