UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

      Defendant

Criminal Action No. 16-98 (CKK)

**MEMORANDUM OPINION AND ORDER**
(June 28, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In the government's [65] Motion *in Limine* as to Expert Dr. Thomas Simopoulos, the government moves the Court for an order ruling that Dr. Simopoulos is not permitted to change his proposed testimony from that which is described in his expert disclosure without prior notice to the government and to the Court. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS the government's motion *in limine*. However, as explained at the June 26, 2017 Status Hearing in this matter, the Court

---

[1] The Court's consideration has focused on the following documents: Government's Motion *in Limine* as to Expert Dr. Thomas Simopoulos, ECF No. 65 ("Gov.'s Mot."); Defendant's Opp'n to Government's Motion *in Limine* as to Expert Dr. Thomas Simopoulos, ECF No. 88 ("Def.'s Opp'n"); and Government's Reply to Defendant's Opp'n, ECF No. 106 ("Gov.'s Reply"). The Court has also considered the oral representations made at the Status Hearing on June 26, 2017.

will allow Defendant to present Dr. Simopoulos at the *Daubert* hearings that will take place in this case on July 6 and 7, 2017 to supplement his disclosure.

## I. DISCUSSION

The government does not object to the Defendant calling Dr. Simopoulos as an expert witness in this case as long as Dr. Simopoulos testifies in accordance with his expert disclosure. The government simply argues in its motion *in limine* that Dr. Simopoulos' testimony must be based on the contents of his Rule 16 disclosure. The government is plainly correct. Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure requires Defendant to provide, at the government's request, "a written summary of any testimony the defendant intends to use" at trial under Federal Rules of Evidence 702, 703 or 705. That summary "must describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). If a party fails to comply with Rule 16, the Court may "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2). Pursuant to Rule 16, the Court hereby orders that Dr. Simopoulos' testimony at trial shall be in accordance with his pre-trial disclosure.

Defendant has now, belatedly, requested leave to supplement that disclosure. In Defendant's opposition, he represented that "[t]he contents of Dr. Simopoulos's Disclosure represent his opinions at this time and provide proper notice to the government and the Court." Def.'s Opp'n at 1. However, upon further inquiry at the June 26, 2017 Status Hearing, Defendant conceded that he intends to elicit testimony from Dr. Simopoulos beyond the scope of that disclosure, and accordingly sought to supplement said disclosure. Due to the quickly approaching trial date in this case, rather than ordering the Defendant to provide a supplemental

2

written disclosure of Dr. Simopoulos' opinions, the Court ordered Defendant to supplement the disclosure by presenting Dr. Simopoulos to describe his additional opinions orally at the previously-set *Daubert* hearing in this case on July 6 and 7, 2017.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS the government's [65] Motion *in Limine* as to Expert Dr. Thomas Simopoulos. Accordingly, it is, this 28th day of June, 2017, hereby

**ORDERED** that the government's motion is GRANTED in that Dr. Simopoulos' opinion at trial shall be in accordance with his pre-trial Rule 16 disclosure. It is further

**ORDERED** that Defendant may supplement that disclosure by presenting Dr. Simopoulos in court at the *Daubert* hearing in this case on July 6 and 7, 2017.

**SO ORDERED.**

/s
**COLLEEN KOLLAR-KOTELLY**
United States District Judge