# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

**MEMORANDUM OPINION AND ORDER**
(July 10, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [150] Motion *in Limine* No. 16 to Exclude Evidence of or Argument Regarding Certain References to Marijuana, Defendant moves the Court under Federal Rules of Evidence 401 and 403 to preclude evidence that Defendant used marijuana or that he prescribed dronabinol, a synthetic form of THC. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will DENY-IN-PART and HOLD-IN-ABEYANCE-IN-PART Defendant's sixteenth motion *in limine*.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 16 to Exclude Evidence of or Argument Regarding Certain References to Marijuana, ECF No. 150 ("Def.'s Mot."); Government's Reply in Opposition to Defendant's Motion *in Limine* No. 16, Marijuana and Dronabinol, ECF No. 155 ("Gov.'s Opp'n"). The Court has also considered the oral representations made at the Status Hearing on July 7, 2017.

# I. DISCUSSION

Defendant's sixteenth motion *in limine* raises two distinct issues. First, Defendant moves to exclude evidence of prescriptions written by Defendant for dronabinol, a synthetic form of THC used for pain relief. Second, Defendant moves to exclude any evidence of Defendant's own personal marijuana use. The Court will address each of these distinct issues in turn. The Court's rulings apply only to the government's case in chief, and are based only on the present record.

First, the Court will not exclude all evidence of Defendant's prescriptions of dronabinol for his patients. The government has clarified how it intends to use and argue this type of evidence at trial. Contrary to the Defendant's speculation, the government does not appear to intend to offer testimony from any witness that medical marijuana or dronabinol "should be illegal in the District of Columbia." Def.'s Mot. at 4. The government also represents that no patient will "opine as to whether the dronabinol" they were prescribed was "medically necessary." Gov.'s Opp'n at 2. Finally, at the July 7, 2017 hearing in this case, the government also represented that it will not elicit testimony from a patient of Defendant "that the dronabinol prescribed by [Defendant] caused such extreme drowsiness that she fell asleep with a lit cigarette in her hand and as a result almost caused her house to burn down." Def.'s Mot. at 4.

Instead, the government represents that it will elicit testimony that dronabinol is a controlled substance that can be legitimately prescribed by practicing physicians and, in D.C., certain nurse practitioners. Gov.'s Opp'n at 2. It will further present evidence that Defendant prescribed dronabinol to his patients along with prescriptions of oxycodone. *Id.* Government witnesses are expected to testify that one of the reasons they did not in fact fill their prescriptions

for dronabinol from the Defendant was that they only wanted the oxycodone he prescribed them. *Id.*

Evidence of this type about dronabinol is relevant and probative to the appropriateness of Defendant's treatment of his patients, the central issue in this case. It will not be excluded under Rules 401 or 403. The fact that the specific charges in the Superseding Indictment do not relate specifically to dronabinol or marijuana prescriptions in particular does not make such prescriptions "irrelevant," as Defendant argues. This approach takes far too narrow a view of relevance. The government is entitled to present evidence regarding other aspects of Defendant's treatment of patients. As the government rightly argues, "[w]hat [Defendant] prescribed for each patient and why are pertinent, along with everything else he did or did not do" because this is "essential evidence regarding his treatment regime for the patients he saw." Gov.'s Opp'n at 2-3. The Court will not sanitize the testimony regarding Defendant's treatment of his patients so as to remove all aspects of context that the Defendant deems in any way prejudicial. Moreover, as Defendant concedes, dronabinol is a legal drug, and it is therefore unclear how evidence that Defendant prescribed that drug in the course of his practice is in fact prejudicial *at all*, let alone *unfairly* so.

Second, the Court will hold in abeyance its ruling as to the admissibility of evidence of Defendant's personal marijuana and dronabinol use. The government has clarified how it intends to use and argue this evidence at trial as well. The government represents that it will not elicit testimony that Defendant possessed large amounts of marijuana at his residence, which law enforcement apparently discovered during the execution of a search warrant. Gov.'s Opp'n at 3. Instead, the government represents that it intends to offer testimony from an employee at

3

Defendant's clinic who personally witnessed Defendant's behavior as a health care professional and will testify that he came to his clinic smelling like he had smoked marijuana. *Id.* at 3-4. The government also represents that it intends to elicit testimony that Defendant had his own prescription for dronabinol.

Without knowing the context in which this evidence will be raised at trial, the Court cannot preliminarily determine whether it should be admitted under Rules 401 and 403. Testimony that Defendant came to his clinic smelling of marijuana may be relevant if there is some supporting evidence that suggests that he was actually under the influence or affected by the drug when issuing prescriptions for oxycodone. It is not clear to the Court at this stage, without any context, that the bare fact that Defendant smelled like marijuana has enough probative value in this case to overcome the possible risk of unfair prejudice engendered by such evidence—*i.e.*, that the jury might misuse evidence of Defendant's marijuana use in this drug related case. Additionally, the Court is not yet persuaded that the purpose for which the government intends to offer evidence that Defendant had a dronabinol prescription is necessary. The government explained at the July 7, 2017 hearing in this case that it intends to use this evidence simply to corroborate Defendant's statements during the June 19, 2013 interview. It is not clear at this point why such corroboration would be necessary. On the other hand, the Court is hard-pressed to see how this evidence is prejudicial at all. Dronabinol is a legal drug prescribed for pain, and it is undisputed that Defendant has a chronic back injury that causes him pain. Defendant has admitted in other contexts that he has been prescribed this legal drug by another doctor, and the government represents that it will not argue that Defendant was inappropriately using the drug recreationally. Regardless, the Court will hold in abeyance its

4

decision as to the admissibility of these categories of evidence. The government is ordered to approach the Court before offering evidence of Defendant's personal marijuana use or dronabinol prescription and request permission to do so. The government should be prepared at that point to explain, in the context of the evidence that has been presented thus far at trial, why this evidence is relevant.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES-IN-PART and HOLDS-IN-ABEYANCE-IN-PART Defendant's [150] Motion *in Limine* No. 16. Accordingly, it is, this 10th day of July, 2017, hereby

**ORDERED** that evidence of Defendant issuing prescriptions of dronabinol, as described in the government's opposition, will not be excluded. It is further

**ORDERED** that evidence of Defendant's personal marijuana use and own prescription for dronabinol will not be excluded preliminarily, but the government must approach the Court before offering such evidence at trial and request permission.

The Court's rulings are based only on the present record.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge