UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN L. ROBINSON,<br>        Defendant | Criminal Action No. 16-98 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(July 11, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [140] Motion *in Limine* No. 13 to Exclude Evidence of or Argument Regarding the "Opioid Epidemic" or Similar References, Defendant moves the Court to exclude any evidence, argument, or commentary about the public controversy surrounding opioid use, including references to an "opioid epidemic" or "opioid crisis." Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT Defendant's thirteenth motion *in limine*.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 13 to Exclude Evidence of or Argument Regarding the "Opioid Epidemic" or Similar References, ECF No. 140 ("Def.'s Mot."); Government's Reply to Defendant's Motion *in Limine* No. 13, ECF No. 158 ("Gov.'s Opp'n"). The Court has also considered the oral representations made at the Status Hearing on July 10, 2017.

# I. DISCUSSION

Little need be said about this motion *in limine*. The government has disavowed any intention of referring to the "opioid epidemic" or "opioid crisis" at trial. Accordingly, Defendant's concern that the government will argue that "the public controversy associated with opioid use . . . should be attributed to" Defendant, or that the government will "liken [Defendant's] conduct to others' wrongful acts or . . . appeal to jurors' potential prejudice against anyone who prescribes opioid medication based on the current public controversy," Def.'s Mot. at 1, 3, is largely moot. The government is ordered to adhere to its representation and to not make these arguments. It would, of course, be improper for the government to "urge [the] jurors to convict [Defendant] in order to protect community values, preserve civil order, or deter future lawbreaking." *United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C. Cir. 1984).

The government has represented that it intends to offer testimony from its expert witness, Dr. Mark Romanoff, regarding "the prevalence of opioid use," as well as testimony from a pharmacist regarding "the increase of opioid prescriptions," but that it does not anticipate either witness using the phrases "opioid epidemic" or "opioid crisis." Gov.'s Opp'n at 1. Based on the present record, and with the understanding that this testimony shall not be used to make the arguments discussed above, the Court sees no reason to exclude this limited testimony, which does not strike the Court as unfairly prejudicial to the Defendant.

Finally, the Court notes that the Defendant has also represented that he will not present evidence of or make argument about the "opioid epidemic" or "opioid crisis." Defendant shall adhere to this representation as well. If the Defendant opens the door with respect to these issues, the government may be entitled to respond.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendant's [140] Motion *in Limine* No. 13. Accordingly, it is, this 11th day of July, 2017, hereby

**ORDERED** that neither party shall offer evidence of or make arguments about the public controversy surrounding opioid use, including references to an "opioid epidemic" or "opioid crisis." The Court's rulings are based only on the present record.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge