# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

    Defendant

Criminal Action No. 16-98 (CKK)

## MEMORANDUM OPINION AND ORDER
(July 11, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [146] Motion *in Limine* No. 18 to Exclude All Evidence and Argument Related to Dr. Robinson's Access of Practice Fusion System, Defendant moves the Court under Federal Rule of Evidence 403 to preclude the government from offering evidence of or making reference to Defendant's accessing of his electronic patient records subsequent to February 2015. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will DENY Defendant's eighteenth motion *in limine*.

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in Limine* No. 18 to Exclude All Evidence and Argument Related to Dr. Robinson's Access of Practice Fusion System, ECF No. 146 ("Def.'s Mot."); Government's Response in Opposition to Defendant's Motion *in Limine* No. 18, ECF No. 164 ("Gov.'s Opp'n"). The Court has also considered the oral representations made at the Status Hearing on July 7, 2017.

# I. DISCUSSION

Defendant maintained an electronic patient records system through a service called Practice Fusion. Pursuant to search warrants issued in this case, Defendant's access to his account with that system—including his patients' records—was revoked on February 4, 2015. However, after that date, Defendant attempted to log into his account multiple times. When attempting to sign in, Defendant was eventually given an automated option to reset his password and reactivate his access. He did so, and viewed information for several patients over a period of ten days.

At a July 7, 2017 hearing in this case, Defendant's counsel represented that Defendant was not aware that law enforcement had accessed his Practice Fusion account and had locked him out of that account at the time that he was attempting to regain access. The Court credits this representation for the purposes of this motion. However, Defendant *did* become aware that law enforcement had accessed his account once he successfully logged into Practice Fusion. Once he logged into his account, Defendant was able to see that a new account had been set up for access to his patient records, entitled "Law Enforcement." Defendant changed the "Law Enforcement" account name to "Ms. Law Enforcement" and deactivated that account, thereby blocking the government's access to his patient records. The government subsequently called Practice Fusion and had its access reinstated and Defendant's access once again revoked. There is no dispute that Defendant did not tamper with, alter or otherwise change any patient records during the period he had access to them.

Defendant contends that evidence of his logging into Practice Fusion is inadmissible under Rule 403. He contends that the mere fact that he accessed certain files is not relevant to

any fact in this case because no records were altered, and that any probative value this evidence might have would be outweighed by the risk that the jury might speculate "as to his motives or as to other effects that he may have caused." Def.'s Mot. at 4. Defendant is also concerned that the government may introduce testimony that one of the patients whose records Defendant viewed was an individual who subsequently died, presumably from an oxycodone overdose. *Id.* The Court has previously ruled that the government shall not present evidence of the death of Defendant's patients. *See* June 19, 2017 Mem. Op. & Order, ECF No. 122. The government has represented that it will not introduce any such evidence.

However, the government does intend to offer evidence that Defendant logged into Practice Fusion and disabled the government's access to his patient records, and contends that this is relevant and not subject to exclusion under Rule 403. The Court agrees. The fact that Defendant accessed his patient records while under investigation and knowingly deactivated the government's access to those records is probative of Defendant's knowledge of the importance of patient records, a key issue in this case. This evidence is also probative of Defendant's state of mind, which is also a key issue in this case, given that the charged drug distribution offense is a specific intent crime. The probative value of this evidence for these purposes outweighs any countervailing Rule 403 considerations.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Defendant's [146] Motion *in Limine* No. 18. Accordingly, it is, this 11th day of July, 2017, hereby

**ORDERED** that the government may offer evidence and make arguments related to Defendant's accessing of his electronic patient records system, Practice Fusion, subsequent to February 2015. The Court's rulings are based only on the present record.

**SO ORDERED.**

/s  
**COLLEEN KOLLAR-KOTELLY**  
United States District Judge