# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

IVAN L. ROBINSON,

        Defendant

Criminal Action No. 16-98 (CKK)

## MEMORANDUM OPINION AND ORDER
(July 12, 2017)

In this criminal action, Defendant Ivan L. Robinson is charged with 61 counts of knowingly and intentionally distributing a controlled substance, oxycodone, by writing prescriptions for that drug outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as 18 U.S.C. § 2. Defendant is also charged with two counts of money laundering and aiding and abetting. Now before the Court are numerous motions *in limine* addressing a wide range of evidentiary issues.

In Defendant's [145] Motion *in Limine* No. 17 to Preclude Testimony Regarding Detoxification History and Clinic Area Observations by Former Patients of Dr. Robinson, Defendant moves the Court under Federal Rules of Evidence 401 and 403 to "prohibit the Government from eliciting testimony from former patients related to observations and experiences that occurred *outside* of Dr. Robinson's clinic and *after* the patient's relationship with Dr. Robinson ended: specifically their addiction and rehabilitation histories and their observations of the area surrounding Dr. Robinson's clinics." Def.'s Mot. at 1. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the

---

[1] The Court's consideration has focused on the following documents: Defendant's Motion *in*

Court will GRANT-IN-PART and DENY-IN-PART Defendant's seventeenth motion *in limine*.

## I. DISCUSSION

Defendant's seventeenth motion *in limine* raises two issues: (A) whether the government may elicit testimony about Defendant's patients' addiction, detoxification and rehabilitation, and (B) whether the government may elicit testimony about observations of illegal drug activity outside of Defendant's clinic. The Court will deny Defendant's motion with respect to the first issue, and preliminarily grant Defendant's motion with respect to the second issue.

### A. Testimony About Defendant's Patients' Addiction, Detoxification and Rehabilitation

First, Defendant moves under Rules 401 and 403 to exclude testimony from patients about their addiction, detoxification and rehabilitation with respect to oxycodone. This motion raises certain issues that are related to the Court's ruling on prior motions *in limine*. Accordingly, the Court will compile in this Memorandum Opinion and Order some of its past related rulings both for ease of access and so that the parties can understand how these related conclusions fit together.

Defendant contends that the Court must exclude this testimony for the same reasons that it already excluded testimony that patients of the Defendant overdosed and/or died after receiving oxycodone from the Defendant. The Court disagrees. The Court previously held that "[t]o the extent . . . proposed lay witness testimony discusses death or injury of a patient that occurred *after* Defendant issued them a prescription, or the death or injury of other individuals these patients knew, this testimony should be excluded." *See* June 19, 2017 Mem. Op. & Order,

*Limine* No. 17 to Preclude Testimony Regarding Detoxification History and Clinic Area Observations by Former Patients of Dr. Robinson, ECF No. 145 ("Def.'s Mot."); Government's Reply to Defendant's Motion *in Limine* No. 17, ECF No. 159 ("Gov.'s Opp'n").

ECF No. 122, at 2.  The only purpose the government proposed for offering evidence of deaths and overdoses was to "help[ ] explain why the drug is highly regulated and why the medical profession has specific standards in the profession about when and how it is prescribed." *Id.* at 3.  The Court held that "[a]lthough the Court appreciates that this testimony may 'help[ ] explain' this point, and accordingly might pass the low hurdle of relevance, exclusion is nonetheless warranted because the danger of unfair prejudice this evidence would engender substantially outweighs its probative value." *Id.*  It concluded that

> Despite the fact that a grand jury has not returned an indictment charging Defendant with causing death or serious injury by prescribing oxycodone, if the jury were to hear testimony about Defendant's patients or their acquaintances suffering oxycodone overdoses or similar events there is a significant risk that they would speculate that Defendant had caused these results and seek to punish Defendant for doing so.  It would also risk inviting the jury to render a verdict on an improper emotional basis.  Moreover, the probative worth of this evidence is insignificant.  Health events that occurred after Defendant issued a prescription do not speak in any significant way to the propriety of Defendant issuing those prescriptions in the first place.

*Id.*

The Court's ruling with respect to deaths and overdoses still stands.  However, the Court will allow evidence of patients' subsequent detoxification and rehabilitation. The government correctly contends that, in addition to any probative value this evidence might have to show the propriety of the Defendant giving oxycodone to individuals who were addicted to the drug, this information is relevant to the credibility of the government's witnesses.  The Court is aware that the government is intending to present witnesses who will testify that they were addicted to oxycodone.  Such testimony is admissible.  In response to Defendant's motions *in limine* nine and eleven, the Court has

already ruled that, although patient-witnesses may not testify that they went to the Defendant specifically because they had heard from other unidentified individuals that the Defendant gave opioid prescriptions "easily," or operated a "pill mill," they may testify about the reason *they individually* went to the Defendant in general, non-hearsay terms (*e.g.*, that they just wanted to obtain a prescription for oxycodone). *See* June 30, 2017 Mem. Op. & Order, ECF No. 137. The Court ruled that such reasons were not hearsay, were relevant to the question of the appropriateness of Defendant's subsequent interaction with those patients, and did not unfairly prejudice the defense. The Court now clarifies that this ruling encompasses testimony from a patient that his or her reason for visiting the Defendant was that he or she was "addicted" to oxycodone. This type of testimony provides important context for the jury's evaluation of the Defendant's treatment of the patient.

Further, the Court notes that although this testimony is certainly admissible if the patient *told* the Defendant that he or she was an addict (and the government represents that at least one patient-witness will testify that he did), it is also admissible even if the patient does not testify that he explicitly told the Defendant about his addiction. The government's expert witness in this case will present testimony that part of issuing a prescription in the usual course of professional practice includes first evaluating the patient and considering how the patient is responding to any opioids they currently are on. *See* Chart Review of Ivan Robinson, FNP, ECF No. 51-3. The fact that a patient was already addicted to oxycodone at the time that Defendant saw them and issued them a prescription is accordingly relevant to the jury's consideration of the appropriateness of

Defendant's conduct, and its probative value is not outweighed by any Rule 403 considerations.

Given that such testimony will be admissible in this case, the Court also finds that testimony of a patient's subsequent detoxification and rehabilitation is admissible. The fact that a witness who was addicted to oxycodone in the past has subsequently detoxed and is therefore no longer likely to be under the influence of oxycodone when testifying at trial is quite probative with respect to the jury's consideration of that witness' testimony. Moreover, the Court is not persuaded that the same Rule 403 considerations that are at issue with respect to extremely adverse health events like patient deaths and overdoses—the risk that the jury would speculate that Defendant had caused these tragic results and seek to punish Defendant for doing so—are at issue with respect to a patients' detoxification. The Court concludes that, on the present record, whatever Rule 403 considerations might weigh against allowing this testimony do not substantially outweigh its probative value.

## B. Testimony About Unlawful Drug Activity Around Defendant's Practice

Second, Defendant moves to exclude observations of unlawful drug activity in the area surrounding Defendant's practice. The government concedes this motion in part, stating that "it is plain that activity regarding non-oxycodone drug use (*e.g.*, heroin use) outside of the defendant's office is not admissible." Gov.'s Opp'n at 3. However, the government does intend to offer evidence "regarding what the defendant's clients did with the pills [Defendant] prescribed," such as "[t]estimony that an individual obtained pills with the defendant's prescription and immediately resold, traded, or otherwise

distributed those pills." *Id.*

The Court will preliminarily not allow this testimony. Without context, it is unclear to the Court at this stage what probative value this testimony could have unless there is evidence that Defendant knew that his patients were seeking oxycodone in order to engage in these illicit activities. If the government seeks to offer this evidence at trial, it must approach the Court and request permission before doing so.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's [145] Motion *in Limine* No. 17. Accordingly, it is, this 12th day of July, 2017, hereby

**ORDERED** that Defendant's Motion *in Limine* No. 17 is GRANTED in that, based on the present record and proffer made by the government, the government may not elicit testimony about observations of illegal drug use occurring outside of the Defendant's office. If the government seeks to elicit such testimony at trial, it must approach the Court and request permission before doing so. It is further

**ORDERED** that Defendant's Motion *in Limine* No. 17 is DENIED in that the government may elicit testimony from Defendant's patients about their addiction, detoxification and rehabilitation. The Court's rulings are based only on the present record.

**SO ORDERED.**

_____/s_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
