

1401 K ST. NW
SUITE 600
WASHINGTON, DC 20005
(202) 640-2850
WWW.KAISERDILLON.COM

jjeffress@kaiserdillon.com

July 27, 2016

**VIA ELECTRONIC AND U.S. MAIL**
John Philip Dominguez, Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20001
john.dominguez@usdoj.gov

    Re:    *United States v. Ivan L. Robinson*
            Docket No. 1:16-cr-98-CKK

Dear Mr. Dominguez:

    We write, on behalf of our client Ivan L. Robinson, to request discoverable material. It is our belief that the requested material is discoverable under the Federal Rules of Criminal Procedure or other authority, as indicated below. If you are unable or unwilling to provide the requested information, or if you disagree with any of these representations, please advise us, so that we might respond appropriately.

    We also note below our understanding of the information and documents that the government has already provided to us. Please let us know if our understanding conflicts with yours.

### 1.  Defendant's Statements (Rule 16(a)(1)(A)-(B))

    The government has already provided, as Exhibit 22 to the grand jury testimony, a report documenting Mr. Robinson's statements during an interview conducted on June 19, 2013, by law enforcement officers Karen Taylor and Shirley Powell and Department of Health investigator Mark Donatelli.

    Pursuant to Rule 16(a)(1)(A)-(B), we request any other oral, written or recorded statements made by our client, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. We request that you disclose to us and make available

**Attachment F**

for inspection, copying, or photographing, that portion of any written record containing the substance of any relevant oral statement made by our client in response to interrogation by any person then known to our client to be a government agent.

**We also request any other notes, handwritten or otherwise, made by any government agents present during these interviews.** Thus, for the June 19, 2013, interview, please provide any notes taken by Agents Taylor and Powell, Mark Donatelli, and any other government agents present.

Please provide these materials by **August 15, 2016.**

## 2. Prior Record (Rule 16(a)(1)(D))

Pursuant to Rule 16(a)(1)(D), we request our client's prior record of arrests and criminal convictions, if any, as is within the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known, to the government. Unless we are otherwise informed and provided with a copy of the prior record of arrests and criminal convictions by **August 15, 2016**, we will assume the government does not intend to introduce any evidence of arrests or convictions at any proceeding and that no such documents exist.

## 3. Documents and Tangible Objects (Rule 16(a)(1)(E))

Pursuant to Rule 16(a)(1)(E), we request that you preserve all physical evidence and permit us to inspect and copy documents or tangible objects, or copies or portions thereof, that are within the possession, custody, or control of the government and that (1) are material to preparing the defense (including evidence that is *inculpatory, see United States v. Marshall*, 132 F.3d 63 (D.C. Cir. 1998)); (2) the government intends to use as evidence in its case-in-chief at trial; or (3) were obtained from, or belong to, Mr. Robinson.

Please note that the government has an obligation to provide *any* discoverable materials the existence of which it knows, **or by acting with due diligence could know, "regardless of whether the statement originated from a local law enforcement agency, a non-law enforcement agency of the federal government, or a coordinate branch of the government."** *United States v. Safavian*, 233 F.R.D. 12, 14-15 (D.D.C. 2005) (noting that the obligations of the Justice Department to produce discoverable materials "cannot be evaded by claiming lack of control over the files . . . of other . . . agencies," and that, "in the course of their investigation, and in collecting and reviewing evidence, the prosecutors must ensure that any information relevant to this case . . . remains available for disclosure" (quoting *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992)). This means that the government has a duty to search for discoverable information in the possession or control any relevant law enforcement or administrative agencies, both federal and local. **Such agencies, in this case, include, but are not limited to, the Drug Enforcement Agency, the Metropolitan Police Department, and the District of Columbia Department of Health (including the Board of Nursing).**

In addition to the general request for documents and tangible objects that meet the requirements of Rule 16(a)(1)(E) set out above, please provide the following specific categories of documents:

A. Any **patient records, including any prescriptions issued, relating to Mr. Robinson's medical practices** that are within the government's possession and control. Such records include:

   i. any records contained in any electronic database, such as Practice Fusion;

   ii. any electronic records stored in other place, such as on Mr. Robinson's laptop computer;

   iii. any billing records; and

   iv. **any handwritten or other hard copy or paper records**.

B. Any oral, written or recorded statements, any report or memorandum of investigation summarizing such statements, and any handwritten agent's notes, made during any interview of **any employee, intern, or any other person assisting Mr. Robinson in his medical practices**.

C. Any information, including any reports, records, or other documents related to **any administrative investigation or adjudication conducted by the Drug Enforcement Agency, District of Columbia Department of Health (including the Board of Nursing), or any other federal or local administrative agency,** concerning

   i. complaints or reports made *by* Mr. Robinson regarding prescriptions for controlled substances that he issued, or that others claimed that he issued; or

   ii. complaints or reports made *against* Mr. Robinson or his medical practices regarding the use of prescriptions that he issued, or that others claimed that he issued.

D. Any information, including any reports, records, or other documents regarding **complaints made by Mr. Robinson**, or any employee, intern, or other person associated with Mr. Robinson's medical practices, to any law enforcement agency **regarding attempts by patients, or prospective patients, to obtain controlled substances for other than a legitimate medical purpose.**

E. Any information, including any reports, records, or other documents, regarding **patients or potential patients to whom Mr. Robinson refused to provide a prescription for a controlled substance** because such patient

3

or potential patient appeared to be seeking the controlled substance for other than a legitimate medical purpose.

F. Any information related to Mr. Robinson, including any reports, records, analyses, or other documents, created by the TRICARE Office of Program Integrity or its subcontractors, including the overview of Mr. Robinson's medical and prescription history as referenced in Grand Jury Exhibit 21 paragraphs 60-66.

G. Information about the Organized Crime Drug Enforcement Task Force (OCDETF) focused on the District of Columbia. Throughout the grand jury testimony, government agents refer to the Drug Enforcement Agency's "Tactical Diversion Squad," the "DEA task force," the "TDS group," or simply the "task force." Please explain the relationship between the OCDETF and the DEA, and provide the following information related to these task forces:

   i. the number of law enforcement officers assigned to these task forces and how many of these officers were assigned to these task forces from each participating law enforcement agency;

   ii. the geographical jurisdiction of these task forces; and

   iii. the number of arrests and convictions obtained as a result of the efforts of these task forces, indicating on which charges such arrests and convictions were made. With respect to this information, we request docket numbers, dates, and jurisdictions for all such cases.

To the extent that any of these documents are not discoverable because they are statements made by prospective government witnesses, pursuant to Rule 16(a)(2), we request that these documents be provided if, and when, it is determined that the author or witness is not going to be a government witness. However, to the extent that any of the above-listed material is exculpatory—and thus discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), as set out in section 7, below—**it must be disclosed immediately, as *Brady* obligations trump the exemption for Jencks Act material set out in Rule 16(a)(2).** *See Safavian*, 233 F.R.D. at 16 ("*Brady* always trumps both Jencks and Rule 16.").

Unless we are otherwise informed and provided with copies of the above-listed evidence by **August 15, 2016**, we will assume the government does not intend to introduce any of the above-listed evidence at any proceeding in this matter.

### 4. Reports of Examinations and Tests (Rule 16(a)(1)(F))

Pursuant to Rule 16(a)(1)(F), please provide us with the results and reports relating to any physical, mental, or scientific test or experiment that the government intends to use in its case-in-chief at trial or that is material to Mr. Robinson's defense.

4

Unless we are otherwise informed of, and provided with, copies of the physical, mental, or scientific tests or experiments, by **August 15, 2016**, we will assume the government does not intend to introduce any scientific test evidence at any proceeding in this matter.

### 5. Experts (Rule 16 (a)(1)(G))

The government has provided the grand jury testimony of a medical expert, Mark Romanoff, as well as two written reports that he has prepared, one dated May 21, 2016 (presented to the grand jury as Exhibit 54), and one dated June 16, 2016.

If the government intends to use Dr. Romanoff, or any other expert witness during its case-in-chief at trial, we hereby request notice of that expert and a written summary of the expert testimony that the government intends to use. Include in the summary the expert witness' opinions, the bases and the reasons therefore, and the witness' qualifications. **Please also provide a copy of any patient records or other documents reviewed by the expert in connection with this case.**

The government has also noted, in its pleadings in the related civil forfeiture proceedings, that it consulted with an "expert nurse practitioner from the DC Board of Health regarding the facts of [Mr.] Robinson's case," and that this expert "determined that [Mr.] Robinson was acting outside the legitimate scope of the practice of practical nursing." See Gov't's Mot. to Stay Civil Proceedings, 1:14-cv-218-CKK, Dkt. No. 17 (D.D.C. filed Nov. 2, 2014) at 3. Agent Karen Taylor also testified to the grand jury on March 3, 2016, that she presented information about Mr. Robinson's medical practice to Karen Skinner, the "executive director of the nurse licensing board of D.C. Department of Health." See Grand Jury Testimony, Bates No. 16-cr-00098_000418.

Please provide **any expert opinions or analysis offered by Ms. Skinner or any other experts from the D.C. Department of Health (including the Board of Nursing)** whom the government consulted in connection with Mr. Robinson's case. Please further provide **any communications between the government agents and such experts, along with any documents provided to such experts for their evaluation.**

If the government intends to call an expert but cannot say which of two or more possible expert witnesses the government will actually call at the time of trial, then please include the requisite discovery materials for each potential expert. We will reserve a Rule 16 notice objection for failure to specify in a timely fashion the expert witness the government intends to call.

Please provide contact information for any expert witnesses and advise them that someone from the defense in this case will be contacting them in order to interview them about their anticipated testimony, the reasons and bases for any opinions to be offered, their qualifications and the relationship of their opinion to the current standards within their discipline.

If we do not receive expert disclosure consistent with Rule 16, we will be unable to prepare adequately to confront these experts and will move the Court to preclude the government from calling them.

### 6. Evidence of Uncharged Misconduct

Pursuant to Federal Rule of Evidence 404(b)(2), we request notice of any other uncharged misconduct or other Rule 404(b) evidence that the government intends to introduce.

### 7. Brady and Giglio Requests

Under the doctrine of *Brady v. Maryland*, we are making a general request for all exculpatory information not already provided by the government. This includes all information known to the government (or which, again, may become known to the government through the exercise of due diligence) that is favorable to the defense, whether or not technically admissible in court, and that is material to the issues of guilt or punishment. This includes all information indicating, in whole or in part, that any of the requisite elements of the charged offense cannot be proved.

As you likely know, the government has an obligation to promptly disclose *Brady* material so that a defendant may use it to prepare for trial. **Accordingly, please produce *Brady* material immediately.**

And again, the government has a duty to search for discoverable records from any relevant law enforcement and administrative agencies, both federal and local. **Such agencies, in this case, include, but are not limited to, the Drug Enforcement Agency, the Metropolitan Police Department, and the District of Columbia Department of Health (including the Board of Nursing).**

In addition to the general *Brady* request, we also make the following specific requests:

A. As part of our Rule 16 requests above, we have requested *all* patient records. But **to the extent that any patient records demonstrate or suggest that Mr. Robinson acted, in the care of such patient, within the bounds of legitimate medical practice—or conflict with, undermine, or otherwise call into question the description of Mr. Robinson's practices made by government witnesses, such as the patients and the medical expert who testified before the grand jury**—such records are exculpatory under *Brady*, and should be produced immediately.

B. As part of our Rule 16 requests above, we have requested *all* documents relating to any government interview of employees or other staff persons associated with Mr. Robinson's medical practices. But **to the extent that such persons made statements asserting or suggesting that Mr. Robinson's medical practice operated in a manner consistent with a legitimate medical practice**, such records are exculpatory under *Brady*, and should be produced immediately.

6

C. As part of our Rule 16 requests above, we have requested any complaints or reports made by Mr. Robinson or his staff, either to law enforcement or any regulatory agencies or authorities, of patients or potential patients seeking controlled substances for other than a legitimate medical purpose. **Because any such complaints or reports suggest that Mr. Robinson was operating a legitimate medical practice, they also fall in the heartland of exculpatory information that must be disclosed under *Brady*, and should be disclosed immediately.**

D. As you are aware, there have been numerous complaints regarding the DEA Task Force agents Karen Taylor and Shirley Powell with respect to their conduct in this case. With all due respect, we regard their credibility and integrity in conducting this investigation to be a central issue. **Accordingly, we emphasize the government's duty to provide *all Giglio* information with respect to these agents, including, but not limited to:**

   i. all information regarding complaints about their conduct in this case;

   ii. any information regarding any prior misconduct in any case or investigation, including any allegations of misconduct (whether ultimately corroborated or not);

   iii. all information concerning any time Agent Taylor or Agent Powell has been disciplined, reprimanded, or otherwise sanctioned by the DEA or any other law enforcement agency or office they have worked for.

E. Please provide all prior convictions and juvenile adjudications of all government witnesses, including witnesses for the government in the related civil forfeiture proceedings in which Mr. Robinson is the claimant (as used throughout these requests, **"government witnesses" include the government's witnesses in the related civil forfeiture proceedings in which Mr. Robinson is the claimant**, U.S. District Court for the District of Columbia case number 1:14-cv-218).

F. Please provide all information in the possession of the government indicating that:

   i. any government witness has been the object of prior complaint(s), accusation(s), investigation(s), or lawsuit(s) relating to incidents of assaultive conduct, violence, or other incidents arising while employed by any government agency;

   ii. any government witness was arrested, pled guilty, had a trial, or was sentenced on or since the date of the offense in the present case;

7

iii. any government witness was on juvenile or criminal parole or probation on or since the date of the offense; and

iv. any government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action. With respect to this information, we request docket numbers, dates, and jurisdictions for all such cases. *See Davis v. Alaska*, 415 U.S. 308 (1974).

G. Please provide any prior inconsistent, non-corroborative, or other witness statements that the witness' trial testimony will not reflect.

H. Please provide all information indicating that the mental state of any government witness is below normal or in any way abnormal.

I. Please provide all information that any government witness or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify or the informant informed, or that the witness' or informant's faculties of observation were impaired in any way.

J. Please provide all information that any government witness has been or is a police informant either at the time of the offense or at any point through the day of trial. If any witness is or has been an informant, I am requesting disclosure of:

  i. the length and extent of the witness' informant status;

  ii. the amounts that have been paid to the informant in connection with this case;

  iii. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense or any other time through the day of trial;

  iv. all statements made to the informant that promised benefits that would not be provided without informant's cooperation in connection with this case ("benefit" refers to any monetary compensation, assistance of the prosecution or the court concerning pending charges against the informant, or any other sort of consideration); and

  v. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.

K. Please disclose any deal, benefit, promise of benefit, threat—or any statement that a benefit would not be provided without cooperation—that is

8

made to any government witness in connection with this case or the related civil forfeiture proceedings in which Mr. Robinson is the claimant. *See Giglio v. United States*, 405 U.S. 150 (1972). "Benefit" is defined in point (F)(iv) above.

L. Please provide any information that tends to show a government witness' corruption.

M. Please provide any information that tends to show that a government witness, including any government agent, has or had a conflict of interest that would cast doubt on the veracity of his or her statements, or on the propriety of his or her actions in investigating the subject matter of this case.

N. Please disclose if there has been perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case. *See Mooney v. Holohan*, 294 U.S. 103 (1935).

O. Please provide any information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial.

P. Please provide all information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or enforcement agencies that did not result in a conviction.

Q. Please provide any other information tending to show a government witness' bias in favor of the government or against the defendant or that otherwise impeaches a witness' testimony (including pending complaints against law enforcement officers and closed complaints, whether resolved for or against the officer, which involve facts similar to those of this case). *See United States v. Bagley*, 473 U.S. 667 (1985).

R. Please provide the names and addresses of all persons who would contradict or impeach any government testimony or other evidence.

S. Please disclose any failures by any witness to provide the police or the government with information testified to at trial.

T. Please provide any evidence that any witness gave a version of events relating to this matter that differed from any other version of events given by that same witness.

Again, please produce material responsive to these *Brady* requests, and any other *Brady* material **immediately.**

## 8. Jencks Act Material

Pursuant to Rule 26.2 and 18 U.S.C. § 3500, we also request that you produce, at the earliest possible date, any statements of prospective government witnesses that are in the government's possession and that relate to the subject matter concerning which the witness will testify.

We request early disclosure of all Jencks material, so that any issues involving disclosure may be resolved in advance, counsel will have adequate time to review the material, and there will be no delay in court proceedings while counsel reviews the material, considers any discovery or *Brady* ramifications, and prepares to use the material in cross-examination. We also request that you diligently preserve all Jencks material.

***

Finally, as you know, the duty to disclose is a continuing one, stretching until the disposition of the case.

If you would like to discuss any issues presented by this letter – or anything else in the case – please do not hesitate to contact us.

Thank you for your assistance in this matter.

Sincerely,

Jonathan Jeffress

Cc: Phyllis Jones, Counsel for Ivan Robinson
    Emily Ullman, Counsel for Ivan Robinson