UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 16-CR-98 (CKK) |
| | : | |
| v. | : | |
| **IVAN LAMONT ROBINSON,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Pending before the Court is Defendant Ivan Lamont Robinson's [439] Motion for Reinstitution of Conditions of Pretrial Release ("Mot.").

Defendant Robinson was not held pending trial in this matter but was subject to the [4] Order Setting Conditions of Release. Upon his conviction, Defendant was taken into custody; he has served approximately seventy-one months of his sentence under the supervision of the Bureau of Prisons residential reentry office in Baltimore. *See* Mot. at 2. His conviction was reversed by the United States Circuit Court of Appeals for the District of Columbia Circuit and remanded for new trial. *See* Order, ECF No. 436.

Defendant Robinson filed the pending [439] Motion for Bond asking for the reinstitution of his conditions of pretrial release. Defendant explains that "[w]hile on home confinement, he has complied with all conditions prescribed by the Bureau of Prisons." Mot. at 2. He also indicates that he was compliant during the previous pre-conviction period, during which time he was subject to the [4] Conditions of Release. *Id.* Defendant continues that he "enjoys substantial family support in the area" and that he would reside with his mother and stepfather in Mt. Rainier, Maryland. *Id.*

In response, the Government indicated that they are not seeking Defendant's pretrial detention at this point and therefore do not object to reinstituting the conditions of release.

1

Response, ECF No. 440.  They did, however, recommend that Defendant's conditions be amended to include GPS monitoring "to ensure the Defendant's continued compliance and appearance in this case."  *Id.*  They also request that Defendant's current address and contact information be provided to, and confirmed by, the Pretrial Services Agency.  *Id.*

Defendant Robinson responded that GPS location monitoring is unnecessary in this case, particularly in light of the fact that during his previous pre-conviction time in the community, "he complied with the conditions of release and appeared before this Court with no issue," which the Government does not contest.  Reply, ECF No. 441, at 1.  He continues that if the Court does elect to require GPS monitoring, that the Court waive any monitoring fees and costs, as Defendant is indigent and lacks the resources to pay.  *Id.* at 2.

Finally, Pretrial Services Agency ("PSA") weighed in, indicating that Defendant Robinson cannot be placed on GPS location monitoring until PSA has updated residential information, i.e., that "PSA will need to be provided with the address the defendant will reside upon release and the contact information for the homeowner/leaseholder so the Agency can verify the defendant can live at the proposed residence while on GPS monitoring."  Report, ECF No. 443, at 1. In addition, PSA also "request[ed] the opportunity to conduct an interview with the defendant prior to his release."  *Id.*

Although Defendant Robinson's jury conviction was overturned due to a *Brady* violation, the Court of Appeals did indicate that "[a]fter reviewing the government's evidence, [they were] satisfied a rational trier of fact could have found Robinson guilty" and that "the evidence at Robinson's trial was sufficient to convict."  *See* Order, ECF No. 436, at 7–8.  Accordingly, Defendant is in a different position than he was pretrial.

The Court **GRANTS IN PART** Defendant Robinson's [439] Motion.  The Court **ORDERS** that Defendant Robinson shall be subject to the [4] Order Setting Conditions of

Release, with the following amendments: (1) Defendant Robinson shall participate in an interview with PSA prior to his release; (2) Defendant Robinson shall provide PSA with his planned residential address; and (3) pending PSA's verification and approval of said address, Defendant Robinson shall be subject to GPS monitoring until further Court order. The monitoring fees and costs of GPS monitoring shall be waived.

Defendant Robinson also asks in his [439] Motion that the Court vacate the [233] jury verdict and specific verdict, sentence, [425] order of forfeiture, and [431] judgment in this case. The Court **GRANTS** Defendant's [439] Motion as to these requests and **ORDERS** that the [233] jury verdict and specific verdict, sentence, [425] order of forfeiture, and [431] judgment in this case are hereby **VACATED**.

**SO ORDERED.**

Date: August 23, 2023

/s/
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE